**W. Keith Wyatt, Esq. (SBN 08059)**
wkwyatt@imwlaw.com
**Adé Jackson, Esq. (SBN 331575)**
ajackson@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
**A Professional Law Corporation**
**444 S. Flower Street, Suite 1800**
**Los Angeles, California 90071**
**Tel.   (213) 489-0028**
**Fax   (213) 489-0552**

Attorneys for Defendants **COUNTY OF LOS ANGELES, et. al.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL COHEN, | ) Case No. 2:15-CV-03576 JAK (AGRx) |
| Plaintiff, | ) **[Complaint Filed: 5/13/15]** |
| vs. | ) |
| LOS ANGELES COUNTY, et. al., | ) **DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF DANIEL COHEN'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | ) |
| | ) **(SET THREE)** |

PROPOUNDING PARTY:     PLAINTIFF DANIEL COHEN

RESPONDING PARTY:     DEFENDANT COUNTY OF LOS ANGELES

SET NO.:     THREE
_____

TO:  PLAINTIFF DANIEL COHEN AND TO HER ATTORNEYS OF RECORD HEREIN:

1

Defendant COUNTY OF LOS ANGELES hereby responds as follows to Plaintiff's Request for Production of Documents (Set Three):

**INTRODUCTORY STATEMENTS AND GENERAL OBJECTIONS**

1. Defendant COUNTY OF LOS ANGELES responses to Plaintiff DANIEL COHEN'S Request for Production of Documents, Set No. Three, are made to the best of the current present knowledge of its employees and agents and where indicated, on information and belief.  The responses are subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of recollection of cross-complainant's employees and agents, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery and investigation.  Defendant reserves the right to make use of, or to introduce at any hearing and at trial, documents and information responsive to plaintiff's Request discovered subsequent to the date of this Response, including but not limited to, any such information or documents obtained in discovery herein.

2.     To the extent any item of the Request seeks information contained in documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, defendant declines to provide such information, including but not limited to the following:

a.     All **DOCUMENTS** constitute or record the correspondence or

other communications between employees and/or agents of defendant and defendant's counsel and/or agents regarding this action;

        b.    All **DOCUMENTS** prepared for use in this action, including notes, memoranda, draft pleadings, and correspondence prepared by, at the direction of, or for the review of counsel for defendant;

    3.    Defendant reserves all objections or other questions as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence in any hearing and at trial or other proceeding in this or any other action, for any purpose whatsoever, of any statement contained herein or any documents produced.

    4.    Except for the explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that this responding party has answered or objected to any request or any part thereof, should not be taken as an admission that it accepts or admits the existence of any facts set forth or assumed by such request or that such answer or objection constitutes admissible evidence.

## RESPONSE TO REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 148:

Any and all documents prepared by Defendant Deputy Shah explaining why he cancelled Daniel Cohen's medical appointment on or about April 25, 2014.

RESPONSE TO REQUEST NO. 148:

    Objection. This Request is vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not

proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 149:

Any and all documents explaining why Defendant Deputy Shah cancelled Daniel Cohen's medical appointment on or about April 25, 2014.

RESPONSE TO REQUEST NO. 149:

Objection. This Request is vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 150:

Any and all Los Angeles County Sheriffs Department's Orders regarding Daniel Cohen being transferred to LAC+USC for medical treatment on April 25,2014.

RESPONSE TO REQUEST NO. 150:

Objection. This Request is vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not

proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 151:

Any and all documents prepared by Defendant Deputy Shah explaining why he cancelled Daniel Cohen's medical appointment on or about August 2, 2013.

RESPONSE TO REQUEST NO. 151:

Objection. This Request is vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party will produce all non-privileged, responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 152:

Any and all documents explaining why Defendant Deputy Shah cancelled Daniel Cohen's medical appointment on or about August 2, 2013.

RESPONSE TO REQUEST NO. 152:

Objection. This Request is vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not

proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 153:

Any and all Los Angeles County Sheriff's Department's Orders regarding Daniel Cohen being transferred to LAC+USC for medical treatment on August 2, 2013.

RESPONSE TO REQUEST NO. 153:

Objection. Responding Party objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 154:

Any and all documents prepared by Defendant Teresa Malone regarding her interaction(s) with Daniel Cohen about any of his medical conditions in April 2014.

RESPONSE TO REQUEST NO. 154:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding Party will produce all responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 155:

Any and all documents prepared by Defendant Teresa Malone regarding her ordering Daniel Cohen to be transferred to 7100 in April 2014.

RESPONSE TO REQUEST NO. 155:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding Party will produce all responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 156:

Any and all documents prepared by Defendant Teresa Malone regarding Daniel Cohen threatening to hurt other inmates in April of 2014.

///

<u>RESPONSE TO REQUEST NO. 156:</u>

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses.  It is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding Party will produce all responsive documents in its possession, custody or control.

<u>REQUEST FOR PRODUCTION NO. 157:</u>

Any and all documents prepared by Defendant Teresa Malone regarding her authorizing Daniel Cohen to be transferred to Dorm 161 in April 2014.

<u>RESPONSE TO REQUEST NO. 157:</u>

Objection. This Request is a duplicate of request No. 154 that Defendant responded to previously.  It is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party will produce all responsive documents in its possession, custody or control.

////

REQUEST FOR PRODUCTION NO. 158:

Any and all documents prepared by Defendant Teresa Malone regarding any medical treatment or consultation that she gave to Daniel Cohen in April 2014.

RESPONSE TO REQUEST NO. 158:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020. Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. It is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party will produce all responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 159:

Any and all documents prepared by Defendant Teresa Malone regarding discharging Daniel Cohen from the CTC in April 2014.

RESPONSE TO REQUEST NO. 159:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020. Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. It is also vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party will produce all responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 160:

Any and all documents regarding Defendant Teresa Malone's interaction(s) with Daniel Cohen about any of his medical condition(s) in April 2014.

RESPONSE TO REQUEST NO. 160:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses.  It is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 161:

Any and all documents regarding the decision to order Daniel Cohen to be transferred to 7100 in April 2014.

RESPONSE TO REQUEST NO. 161:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses.  This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and

not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 162:

Any and all documents regarding Daniel Cohen threatening to hurt other inmates in April of 2014.

RESPONSE TO REQUEST NO. 162:

Objection. This Request is a duplicate of request No. 155 that Defendant responded to previously. It is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege.  Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.  Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 163:

Any and all documents regarding the decision to authorize Daniel Cohen to be transferred to Dorm 161 in April 2014.

RESPONSE TO REQUEST NO. 163:

Objection. This Request is a duplicate of request No. 157 that Defendant responded to previously.  It is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as

11

irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 164:

Any and all documents regarding any medical treatment or consultation that Defendant Teresa Malone gave to Daniel Cohen in April 2014.

RESPONSE TO REQUEST NO. 164:

Objection. This Request is a duplicate of request No. 158 that Defendant responded to previously.  It is also vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 165:

Any and all documents regarding the decision to discharge Daniel Cohen from the CTC in April 2014.

RESPONSE TO REQUEST NO. 165:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses.  It is also vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because

numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information. Notwithstanding the aforementioned objections, discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 166:

Any and all medical charts prepared by Defendant Teresa Malone in April 2014 regarding Daniel Cohen.

RESPONSE TO REQUEST NO. 166:

Objection. This Request is a duplicate of requests Nos. 129 and 158 that Defendant responded to previously. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This request is also vague, ambiguous, and overbroad as to scope and substance. It even seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO.167:

Any and all medical charts prepared by Defendant Teresa Malone in 2013 regarding Daniel Cohen.

RESPONSE TO REQUEST NO. 167:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May

4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 168:

Any and all medical charts prepared by Defendant Teresa Malone in 2014 regarding Daniel Cohen.

RESPONSE TO REQUEST NO. 168:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 169:

Any and all medical charts prepared by any current or former COLA/LACSD medical staff employee in 2013 regarding Daniel Cohen.

RESPONSE TO REQUEST NO. 169:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 170:

Any and all medical charts prepared by any current or former COLA/LACSD medical staff employee in 2014 regarding Daniel Cohen.

RESPONSE TO REQUEST NO. 170:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege.

Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 171:

Any and all documents prepared by psychological social worker, Andrea Solis, regarding Daniel Cohen's request to be housed in an area for inmates with vision problems.

RESPONSE TO REQUEST NO. 171:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 172:

Any and all documents regarding Daniel Cohen's request of Andrea Solis to be housed in an area for inmates with vision problems.

RESPONSE TO REQUEST NO. 172:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May

4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 173:

Any and all documents regarding any treatment, evaluation, consultation or therapy rendered by Andrea Solis to Daniel Cohen in 2013.

RESPONSE TO REQUEST NO. 173:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 174:

Any and all documents regarding any treatment, evaluation, consultation or therapy rendered by Andrea Solis to Daniel Cohen in 2014.

RESPONSE TO REQUEST NO. 174:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 175:

Any and all documents regarding Daniel Cohen complaining in 2013 to any current or former COLA employee that he had been assaulted or battered.

RESPONSE TO REQUEST NO. 175:

Objection.  This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 176:

Any and all documents regarding Daniel Cohen complaining in 2014 to any current or f01mer COLA employee that he had been assaulted or battered.

RESPONSE TO REQUEST NO. 176:

Objection. This request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 177:

Any and all documents regarding Daniel Cohen complaining in June 2013 that he was punched in the face while he was at N011h County Correctional Facility.

RESPONSE TO REQUEST NO. 177:

Objection. This request is vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 178:

Any and all documents regarding any medical treatment that Daniel Cohen received from Nurse De La Cruz-Galvez as a result of Daniel Cohen's complaint in June 2013 that he was punched in the face while he was at North County Correctional Facility.

RESPONSE TO REQUEST NO. 178:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 179:

Any and all documents regarding any medical treatment that Daniel Cohen received from any current or former COLA/LAC SD medical staff employee as a

result of Daniel Cohen's complaint in June 2013 that he was punched in the face
while he was at North County Correctional Facility.

RESPONSE TO REQUEST NO. 179:

Objection. Plaintiff's medical records were previously requested for Request
No. 129 served on January 2, 2020.  Defendants responded to said request on May
4, 2020. Defendants object to providing multiple responses to Plaintiff's medical
records as an improper attempt to obtain further responses. This Request is also
vague, ambiguous, overbroad, and seeks production of documents which are
protected from disclosure pursuant to the official information privilege.
Responding Party further objects to this Request as irrelevant to this litigation and
not proportional to the needs of the case. Additionally, this Request is unduly
burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 180:

Any and all documents regarding the decision to transfer Daniel Cohen from North
County Correctional Facility to Twin Towers Correctional Facility in June 2013.

RESPONSE TO REQUEST NO. 180:

Objection. This Request is vague, ambiguous, overbroad as to scope and
substance.  It also seeks production of documents which are protected from
disclosure pursuant to the official information privilege. Responding Party further
objects to this Request as irrelevant to this litigation and not proportional to the
needs of the case. Additionally, this Request is unduly burdensome because
numerous documents may tangentially refer to this Request. This Request seeks
documents that contain confidential and proprietary business information.
Discovery and investigation are ongoing.

DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF DANIEL COHEN'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE)

REQUEST FOR PRODUCTION NO. 181:

Any and all documents regarding the decision to transfer Daniel Cohen from Twin Towers Correctional Facility to Men's Central Jail in June 2013.

RESPONSE TO REQUEST NO. 181:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 182:

Any and all documents regarding the decision to transfer Daniel Cohen from Men's Central Jail back to from North County Correctional Facility in June 2013.

RESPONSE TO REQUEST NO. 182:

Objection. This Request is vague, ambiguous, overbroad as to scope and substance.  It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks

documents that contain confidential and proprietary business information. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 183:

Any and all requests that Daniel Cohen made for medical treatment, aid or assistance during the time period from January 28, 2013 to May 9, 2014.

RESPONSE TO REQUEST NO. 183:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 184:

Any and all documents prepared by any current or former COLA/LACSD medical staff employee regarding any surgery performed on Daniel Cohen in June 27 2013.

RESPONSE TO REQUEST NO. 184:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May

4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 185:

Any and all documents prepared by any current or former COLA/LACSD medical staff employee regarding any surgery performed on Daniel Cohen in October 2013.

RESPONSE TO REQUEST NO. 185:

Objection. This Request is a duplicate of request No. 129 that Defendant responded to previously.  This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 186:

Any and all documents prepared by any cm Tent or former COLA/LACSD medical staff employee regarding any surgery perfonned on Daniel Cohen in January 2014.

RESPONSE TO REQUEST NO. 186:

        Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 187:

Any and all documents prepared by any current or former COLA/LACSD medical staff employee regarding Daniel Cohen's diagnosis of "having a macular retinal detachment in both eyes" in or around June 2013.

RESPONSE TO REQUEST NO. 187:

        Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 188:

Any and all documents which support the COLA's contention that "[t]hroughout plaintiff's stay in the CTC, his only statement to medical staff was pain pill please."'

RESPONSE TO REQUEST NO. 188:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020. Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Notwithstanding the aforementioned objections, discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 189:

Any and all documents which support the COLA's contention that between August and September 2013, Daniel Cohen's medical records "indicated that he Complained of ear aches and headaches."

RESPONSE TO REQUEST NO. 189:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020. Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also

vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Notwithstanding the aforementioned objections, discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 190:

Any and all documents prepared by Dr. Orlando Pile regarding his medical valuation of Daniel Cohen.

RESPONSE TO REQUEST NO. 190:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 191:

Any and all documents prepared by any current or former COLA/LACSD medical staff employee regarding Daniel Cohen's medical evaluation by Dr. Orlando Pile.

RESPONSE TO REQUEST NO. 191:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 192:

Any and all documents regarding Daniel Cohen's medical evaluation by Dr. Orlando Pile, including the results of Daniel Cohen's Hands Ears Eyes Nose and Throat (HEENT) test and his Pupils, Equal Round, React to Light, Accommodation 5 (PERLA) exam.

RESPONSE TO REQUEST NO. 192:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly

burdensome because numerous documents may tangentially refer to this Request. Discovery is ongoing.

REQUEST FOR PRODUCTION NO. 193:

Any and all documents regarding Daniel Cohen's medical diagnosis by Dr. Orlando Pile.

RESPONSE TO REQUEST NO. 193:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 194:

Any and all documents regarding Daniel Cohen telling a nurse on December 31, 2013 that he (Daniel Cohen) went unconscious when trying to get down from a top bunk.

RESPONSE TO REQUEST NO. 194:

Objection.  This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege.  Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 195:

Any and all documents prepared by Dr. Frederick Williams regarding his medical evaluation of Daniel Cohen.

RESPONSE TO REQUEST NO. 195:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020. Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 196:

Any and all documents prepared by any current or former COLA/LACSD medical staff employee regarding Daniel Cohen's medical evaluation by Dr. Frederick Williams.

RESPONSE TO REQUEST NO. 196:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020. Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also

vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 197:

Any and all documents regarding Daniel Cohen's medical evaluation by Dr. Frederick Williams, including Dr. Williams noting a facial orbital trauma due to an altercation.

RESPONSE TO REQUEST NO. 197:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 198:

Any and all documents regarding Daniel Cohen's medical diagnosis by Dr. Frederick Williams.

RESPONSE TO REQUEST NO. 198:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May

4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. Discovery and investigation are ongoing.

REQUEST FOR PRODUCTION NO. 199:

Any and all documents regarding the decision to provide Daniel Cohen with a wheelchair on or about January 15, 2014.

RESPONSE TO REQUEST NO. 199:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 200:

Any and all documents assigning Daniel Cohen to be housed to any part of Los Angeles County Jail between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 200:

Objection. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 201:

Any and all medical intake documents prepared by any current or former COLA employee per COLA policy, after Daniel Cohen's arrest on or about January 28, 2013.

RESPONSE TO REQUEST NO. 201:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and

not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 202:

Any and all documents prepared by Daniel Cohen while in the custody of the COLA, in which he requested glasses, corrective lenses, or any visual aids from the COLA in the year 2013.

RESPONSE TO REQUEST NO. 202:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

///

REQUEST FOR PRODUCTION NO. 203:

Any and all documents prepared by Daniel Cohen while in the custody of the COLA, in which he requested glasses, corrective lenses, or any visual aids from the COLA in the year 2014.

RESPONSE TO REQUEST NO. 203:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 204:

Any and all documents prepared by Daniel Cohen while in the custody of the COLA, in which he requested an appointment for an eye examination in the year 2013.

RESPONSE TO REQUEST NO. 204:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also

vague, ambiguous, overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 205:

Any and all documents prepared by Daniel Cohen while in the custody of the COLA, in which he requested an appointment for an eye examination in the year 2014.

RESPONSE TO REQUEST NO. 205:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 206:

Any and all documents prepared by any current or former COLA employee in response to Daniel Cohen's request for an appointment for an eye examination in the year 2013.

////

RESPONSE TO REQUEST NO. 206:

Objection. This Request is a duplicate of request No. 129 that Defendant responded to previously.  This Request is vague, ambiguous, overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 207:

Any and all documents prepared by any current or former COLA employee in response to Daniel Cohen's request for an appointment for an eye examination in the year 2014.

RESPONSE TO REQUEST NO. 207:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

////

REQUEST FOR PRODUCTION NO. 208:

Any and all documents prepared by any current or former COLA employee in response to Daniel Cohen's request for glasses, corrective lenses, or any visual aids in the year 2013.

RESPONSE TO REQUEST NO. 208:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 209:

Any and all documents prepared by any current or former COLA employee in response to Daniel Cohen's request for glasses, corrective lenses, or any visual aids in the year 2014.

RESPONSE TO REQUEST NO. 209:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and

38

not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 210:

Any and all documents which were prepared for the purpose of assigning Daniel Cohen to be housed in particular area of the Los Angeles County Jail, after his arrest on or about January 28, 2013.

RESPONSE TO REQUEST NO. 210:

Objection. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 211:

Any and all documents which were prepared for the purpose of assigning Daniel Cohen to a dorm from January 28, 2013 to May 9, 2014.

RESPONSE TO REQUEST NO. 211:

Objection. This Request is vague, ambiguous, overbroad as to scope and substance. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 212:

Any and all rosters or logs which list the Los Angeles County Sheriffs Department deputies who were assigned to work in Daniel Cohen's assigned dorm on February 12, 2013.

RESPONSE TO REQUEST NO. 212:

Objection. This Request is vague, ambiguous, overbroad as to substance.  It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information. This Request even seeks to invade the right of privacy held by Defendants' employees in regards to their employment/personnel records.

REQUEST FOR PRODUCTION NO. 213:

Any and all rosters or logs which list the Los Angeles County Sheriffs Department deputies who were assigned to work in Daniel Cohen's assigned dorm on February 14, 2013.

RESPONSE TO REQUEST NO. 213:

Objection. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain

confidential and proprietary business information. This Request even seeks to invade the right of privacy held by Defendants' employees in regards to their employment/personnel records.

REQUEST FOR PRODUCTION NO. 214:

Any and all documents prepared by any current or former COLA employee regarding Daniel Cohen being selected for a work release program in the year 2013.

RESPONSE TO REQUEST NO. 214:

Objection. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 215:

Any and all documents (e.g., policies, procedures, guidelines, etc.) regarding the COLA' s requirement( s) for a pretrial detainee to be assigned to a vision Impairment dorm in the year 2013.

RESPONSE TO REQUEST NO. 215:

Objection. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 216:

Any and all documents ( e.g., policies, procedures, guidelines, etc.) regarding the COLA' s requirement( s) for a pretrial detainee to be assigned to a vision impairment dorm in the year 2014.

RESPONSE TO REQUEST NO. 216:

Objection. It is vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 217:

Any and all documents regarding any medical evaluation of Daniel Cohen, occurring on or about June 8, 2013.

RESPONSE TO REQUEST NO. 217:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and

not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 218:

Any and all documents regarding any medical evaluation of Daniel Cohen, occurring on or about June 13, 2013.

RESPONSE TO REQUEST NO. 218:

Objection. This Request is a duplicate of request No. 129 that Defendant responded to previously.  It is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 219:

Any and all incident reports regarding any riot which occurred on or about June 15, 2013, in the dorm where Daniel Cohen was assigned.

RESPONSE TO REQUEST NO. 219:

Objection. This Request is a duplicate of request No. 129 that Defendant responded to previously. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation, not proportional to the needs of the case, and calling for speculation. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request also assumes facts.

REQUEST FOR PRODUCTION NO. 220:

Any and all incident reports regarding any fight between inmates which occurred on or about June 15, 2013, in the d01m where Daniel Cohen was assigned.

RESPONSE TO REQUEST NO. 220:

Objection.  This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks to invade the right of privacy held by individuals who have been or are incarcerated in Los Angeles County Jails.

REQUEST FOR PRODUCTION NO. 221:

Any and all documents regarding any medical evaluation of Daniel Cohen, occurring on or about June 25, 2013.

RESPONSE TO REQUEST NO. 221:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 222:

Any and all Los Angeles County Sheriff's Department Orders regarding Daniel Cohen being transferred to LAC+USC for medical treatment in 2013.

RESPONSE TO REQUEST NO. 222:

Objection. This Request is vague, ambiguous, overbroad as to scope and substance. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 223:

Any and all Los Angeles County Sheriff's Department Orders regarding Daniel Cohen being transferred to LAC+USC for medical treatment in 2014.

RESPONSE TO REQUEST NO. 223:

Objection. This Request is vague, ambiguous, overbroad as to scope and substance. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 224:

A copy of any and all video-recordings of a fight identified as evidence in the County of Los Angeles Sheriff's Department Incident Report dated June 15, 2013, 10 URN 913-01216-5640-144.

RESPONSE TO REQUEST NO. 224:

Objection.  Responding Party objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks production of documents which are protected from disclosure pursuant to the official information privilege and seeks to invade the right of privacy held by Defendants' employees and individuals who have been or are incarcerated in Los Angeles County Jails.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.


REQUEST FOR PRODUCTION NO. 225:

A copy of any video of Plaintiff being assaulted by an inmate at a Correctional Facility on or about February 14, 2013.

RESPONSE TO REQUEST NO. 225:

Objection.  Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request calls for a legal conclusion and seeks information that would violate the privacy rights of Defendants' employees and inmates who have been or are incarcerated in Los Angeles County Jails.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that

there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 226:

A copy of any and all video-recordings of the assault on Plaintiff by any inmate on December 31, 2013.

RESPONSE TO REQUEST NO. 226:

Objection.  Responding Party objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request calls for a legal conclusion and seeks information that would violate the privacy rights of Defendants' employees and inmates who have been or are incarcerated in Los Angeles County Jails.

Notwithstanding the aforementioned objections, Responding Party has conducted a diligent search and made a reasonable inquiry and has determined that there are no responsive documents in its possession, custody or control. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 227:

Any and all documents reviewed by Robert Fonzi in connection with his work on this case.

RESPONSE TO REQUEST NO. 227:

Objection. This Request is a duplicate of request No. 13 that Defendants responded to previously.  This Request seeks premature expert discovery. Responding Party further objects to this Request, whether broadly or more narrowly construed, in that it seeks production of documents protected by the work product doctrine because they are communications between attorney and expert.

47

Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

REQUEST FOR PRODUCTION NO. 228:

Any and all documents relating to any discipline imposed on Daniel Cohen by any COLA/LACSD employee between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 228:

Objection. This Request is vague, ambiguous, overbroad as to scope and substance. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege and seeks to invade the rights of privacy held by Defendants' employees. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 229:

Daniel Cohen's Jail Records for the time period between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 229:

Objection. This Request is vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to

the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s). Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 230:

A copy of the Daniel Cohen's "Inmate Movement History" for the time period between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 230:

Objection. This Request has previously be asked and responded to for Request No. 37. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 231:

A copy of the "Crime Rpt-05-12-13 180301".

RESPONSE TO REQUEST NO. 231:

Objection. This Request has been asked and responded to for Request No. 39. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 232:

A copy of the "Inmate Discipline Report Arrest 5-12-13 (Booking #3557770) 180305"

RESPONSE TO REQUEST NO. 232:

Objection. This Request has been asked and responded to for Request No. 40. This request seeks premature expert discovery.  It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 233:

A copy of the "Inmate Info Arrest Date 3-11-13 180305".

RESPONSE TO REQUEST NO. 233:

Objection. This Request has been asked and responded to for Request No. 41. This request seeks premature expert discovery. It also seeks production of

documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 234:

A copy of the "Inmate Injury-Illness Report 6-15-13 (Booking #3557770) 180305".

RESPONSE TO REQUEST NO. 234:

Objection. This Request has previously been asked and responded to for Request No. 42. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

///

51

REQUEST FOR PRODUCTION NO. 235:

A copy of the "Inmate Search Info (Booking #3557770) 180305".

RESPONSE TO REQUEST NO. 235:

Objection. This Request has previously been asked and responded to for Request No. 43. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 236:

A copy of "Inmate Total Movement History 1-25-13 - 3-12-13 (Booking #3441717) 180305".

RESPONSE TO REQUEST NO. 236:

Objection. This Request has previously been asked and responded to for Request No. 44. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to

52

the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 237:

A copy of the "Inmate Total Movement History 5-12-13 -5-9-14 (Booking #3557770) 180305".

RESPONSE TO REQUEST NO. 237:

Objection. This Request has previously been asked and responded to for Request No. 45. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege.  Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 238:

A copy LACSD Manual regarding the operation of the Los Angeles County Jail during the time period between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 238:

Objection. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This

Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 239:

A copy of the "LASD IRC Intake Screening_5-10-13 (Booking #3557770) 180305".

RESPONSE TO REQUEST NO. 239:

Objection. This Request has previously been asked and responded to for Request No. 47. This request seeks premature expert discovery.  It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 240:

A copy of the "LASD IRC Issued No Bail Want for Arrest (3-8-13) 180305".

RESPONSE TO REQUEST NO. 240:

Objection. This Request has previously been asked and responded to for Request No. 48. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as

54

irrelevant to this litigation and not proportional to the needs of the case. This
Request seeks documents that contain confidential and proprietary business
information.

Notwithstanding the aforementioned objections, Responding party expressly
reserves the right to supplement, clarify, revise, or correct any or all responses to
the Request, and to assert additional objections or privileges, in one or more
subsequent supplemental response(s) in accordance with the time period for
exchanging expert reports set by the Court. Discovery and investigation are
continuing.

REQUEST FOR PRODUCTION NO. 241:

A copy of the "246. 5-23-021 Chaplain Passes_Rev0l 1613".

RESPONSE TO REQUEST NO. 241:

Objection. This Request has previously been asked and responded to for
Request No. 49. This request seeks premature expert discovery. It also seeks
production of documents which are protected from disclosure pursuant to the
official information privilege. Responding Party further objects to this Request as
irrelevant to this litigation and not proportional to the needs of the case. This
Request seeks documents that contain confidential and proprietary business
information.

Notwithstanding the aforementioned objections, Responding party expressly
reserves the right to supplement, clarify, revise, or correct any or all responses to
the Request, and to assert additional objections or privileges, in one or more
subsequent supplemental response(s) in accordance with the time period for
exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 242:

A copy of the "Crime Report and supplemental report - 05-12-13 180301 ".

RESPONSE TO REQUEST NO. 242:

Objection. This Request has previously been asked and responded to for Request No. 50. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.


REQUEST FOR PRODUCTION NO. 243:

All Document(s) showing Defendants Teresa Malone, and Deputy Shah's 5 completion of training consistent and in compliance with the Corrections Standard Authority under Minimum Standards for Local Detention Facilities, Title 15-Crime Prevention and Corrections Division 1, Chapter 1, Subchapter 4.

RESPONSE TO REQUEST NO. 243:

Objection. This Request has previously been asked and responded to for Request No. 53. This request seeks premature expert discovery. This Request is also vague, ambiguous, and overbroad. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

This Request seeks documents that contain confidential and proprietary business information.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 244:

Any and all documents reviewed by Dr. Alan L. Shabo in connection with his work on this case.

RESPONSE TO REQUEST NO. 244:

Objection. This Request has previously been asked and responded to for Requests Nos. 56 and 57. This request seeks premature expert discovery. Responding Party further objects to this request, whether broadly or more narrowly construed, in that it seeks production of documents protected by the work product doctrine because they are communications between attorney and expert. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the Request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 245:

Any and all documents reviewed by Dr. Gary M. Vilke in connection with his work on this case.

RESPONSE TO REQUEST NO. 245:

Objection. This Request has previously been asked and responded to for Requests Nos. 85 and 86. This request seeks premature expert discovery. Responding Party further objects to this request, whether broadly or more narrowly construed, in that it seeks production of documents protected by the work product doctrine because they are communications between attorney and expert. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

REQUEST FOR PRODUCTION NO. 246:

The COLA's policies, procedures and guidelines regarding Minimum Standards for Local Detention Facilities, Title 15-Crime Prevention and Corrections Division 1, Chapter 1, Subchapter 4.

RESPONSE TO REQUEST NO. 246:

Objection. This Request has previously been asked and responded to for Request No. 54. This request seeks premature expert discovery. It also seeks production of documents which are protected from disclosure pursuant to the official information privilege. This Request is also vague, ambiguous, overbroad, and compound. Responding Party further objects to this Request as irrelevant to

58

this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

Notwithstanding the aforementioned objections, Responding party expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Discovery and investigation are continuing.

REQUEST FOR PRODUCTION NO. 247:

Any and all complaints or allegations of, in substance, deliberate indifference of an inmate or pretrial detainee receiving medical treatment, aid or attention that was initiated against Defendant Deputy Shah.

RESPONSE TO REQUEST NO. 247:

Objection. This Request is also vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as calling for a legal conclusion, irrelevant to this litigation, and not proportional to the needs of the case. This Request seeks documents that contain confidential information and invades the right of privacy held by individuals who have been or are incarcerated in Los Angeles County Jails.

REQUEST FOR PRODUCTION NO. 248:

Any and all complaints or allegations of, in substance, deliberate indifference to an inmate or pretrial detainee receiving medical treatment, aid or attention that was initiated against Defendant Teresa Malone.

////

RESPONSE TO REQUEST NO. 248:

Objection. This Request is vague, ambiguous, and overbroad as to scope and substance. Responding Party further objects to this Request as calling for a legal conclusion, irrelevant to this litigation, and not proportional to the needs of the case. This Request seeks documents that contain confidential information and invades the right of privacy held by Defendants' employees and individuals who have been or are incarcerated in Los Angeles County Jails.

REQUEST FOR PRODUCTION NO. 249:

Any and all medical records for Daniel Cohen that are in the possession, custody and/or control of the COLA.

RESPONSE TO REQUEST NO. 249:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. Additionally, this Request is unduly burdensome because numerous documents may tangentially refer to this Request.

REQUEST FOR PRODUCTION NO. 250:

All complaints initiated by Daniel Cohen while incarcerated between January 28, 2013 and May 9, 2014.

////

RESPONSE TO REQUEST NO. 250:

     Objection. This Request has previously been asked and responded to for Request No. 130. This Request is also vague and ambiguous. Responding Party further objects to this Request as irrelevant to this litigation. This Request creates an undue burden on Responding Party to produce documents that are not proportional to the needs of the case.

REQUEST FOR PRODUCTION NO. 251:

Any and all documents prepared by Defendant Deputy Shah explaining why he cancelled any of Daniel Cohen's medical appointments.

RESPONSE TO REQUEST NO. 251:

     Objection. This Request has previously been asked and responded to for Requests Nos. 148 and 151. This Request violates the right of privacy held by Defendants' employees in regards to their employment/personnel records. The Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. This Request creates an undue burden on Responding Party to produce documents that are not proportional to the needs of the case.

REQUEST FOR PRODUCTION NO. 252:

Any and all documents regarding Defendant Deputy Shah's decision to cancel any of Daniel Cohen's medical appointments.

RESPONSE TO REQUEST NO. 252:

     Objection. This Request is duplicative and has previously been responded to for Requests Nos. 149 and 152. This Request seeks to invade the privacy rights of Defendants' employees in regards to their employment/personnel records. The Request is also vague, ambiguous, overbroad, and seeks production of documents

which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation. This Request creates an undue burden on Responding Party to produce documents that are not proportional to the needs of the case.

REQUEST FOR PRODUCTION NO. 253:

Any and all photographs depicting any facial injuries of Daniel Cohen between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 253:

Objection. This Request is vague, ambiguous, and overbroad as to scope and substance.  The Request also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

REQUEST FOR PRODUCTION NO. 254:

Any and all injury report(s) regarding Daniel Cohen between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 254:

Objection. This Request is vague, ambiguous, overbroad as to scope and substance. The Request also seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case.

////

REQUEST FOR PRODUCTION NO. 255:

A copy of the Los Angeles County Sheriffs Department Manual excerpts regarding the investigation of inmate or pretrial detainee complaints of violence by other inmates or pretrial detainees between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 255:

Objection. This Request has previously been asked and responded to for Request No. 238. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 256:

A copy of the Los Angeles County Sheriffs Department Manual excerpts regarding rendering medical treatment or aid to inmates or pretrial detainees between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 256:

Objection. This Request has previously been asked and responded to for Request No. 238. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

////

REQUEST FOR PRODUCTION NO. 257:

A copy of the Los Angeles County Sheriffs Department Manual excerpts regarding

scheduling medical visits for inmates or pretrial detainees at outside

medical facilities between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 257:

     Objection. This Request has previously been asked and responded to for

Request No. 238. This Request is vague, ambiguous, overbroad, and seeks

production of documents which are protected from disclosure pursuant to the

official information privilege. Responding Party further objects to this Request as

irrelevant to this litigation and not proportional to the needs of the case. This

Request seeks documents that contain confidential and proprietary business

information.


REQUEST FOR PRODUCTION NO. 258:

A copy of the Los Angeles County Sheriffs Department Manual excerpts

regarding transporting inmates or pretrial detainees to outside medical facilities

between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 258:

     Objection. This Request has previously been asked and responded to for

Request No. 238.  This Request is vague, ambiguous, overbroad, and seeks

production of documents which are protected from disclosure pursuant to the

official information privilege. Responding Party further objects to this Request as

irrelevant to this litigation and not proportional to the needs of the case. This

Request seeks documents that contain confidential and proprietary business

information.

////

REQUEST FOR PRODUCTION NO. 259:

A copy of the Los Angeles County Sheriffs Department Manual excerpts regarding the cancellation of an inmate's or pretrial detainee's medical appointment at an outside medical facility between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 259:

Objection. This Request has previously been asked and responded to for Request No. 238. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 260:

A copy of the Los Angeles County Sheriffs Department Manual excerpts regarding the COLA's process of making housing assignments based upon an 12 inmate's or pretrial detainee' s medical condition(s) or medical need(s) between  January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 260:

Objection. This Request has previously been asked and responded to for Request No. 238. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 261:

A copy of the Los Angeles County Sheriffs Department Manual excerpts regarding the prescription of medication to an inmate based upon an inmate's or pretrial detainee's medical condition(s) or medical need(s) between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 261:

Objection. This Request has previously been asked and responded to for Request No. 238. This Request is vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and not proportional to the needs of the case. This Request seeks documents that contain confidential and proprietary business information.

REQUEST FOR PRODUCTION NO. 262:

Any and all documents regarding any medication(s) prescribed to Daniel Any and all documents regarding any medication(s) prescribed to Daniel Cohen by any COLA/LACSD employee between January 28, 2013 and May 9, 2014.

RESPONSE TO REQUEST NO. 262:

Objection. Plaintiff's medical records were previously requested for Request No. 129 served on January 2, 2020.  Defendants responded to said request on May 4, 2020. Defendants object to providing multiple responses to Plaintiff's medical records as an improper attempt to obtain further responses. This Request is also vague, ambiguous, overbroad, and seeks production of documents which are protected from disclosure pursuant to the official information privilege. Responding Party further objects to this Request as irrelevant to this litigation and

1  not proportional to the needs of the case. Additionally, this Request is unduly

2  burdensome because numerous documents may tangentially refer to this Request.

3

4  Date: September 28, 2021                    **IVIE McNEILL WYATT**

5                                             **PURCELL & DIGGS**

6                                         By: ***/s/ Ade' Jackson***

7                                             **W. KEITH WYATT**

8                                             **ADE' JACKSON**

9                                             **Attorneys for Defendants**
                                              **COUNTY OF LOS ANGELES**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF DANIEL COHEN'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE)

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 1800, Los Angeles, California, 90071.

     On **September 29, 2021,** I served the foregoing document described as **DEFENDANT COUNTY OF LOS ANGELESE' RESPONSES TO PLAINTIFF DANIEL COHEN'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE)** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed on attached Service List:

    **[  ]**  **BY PERSONAL DELIVERY**:  I caused such envelope to be delivered by hand to the addressee.

    **[ X ]**  **BY EMAIL TRANSMISSION**: I caused such DOCUMENT to be transmitted to the addressee.  See Service List below

    **[  ]**  **BY MAIL**:  I caused such envelope to be deposited in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the Ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

    **[  ]**  **BY FACSIMILE TRANSMISSION**: I caused such documents to be transmitted to the offices of the addressee via facsimile machine, on the date specified above. The facsimile machine telephone number I used, 213-489-0552, was in compliance with Rule 2003(3) and the transmission was reported as complete without error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

    **[  ]**  **BY GSO OVERNIGHT DELIVERY**:   I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express.  Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

[ ✓ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

     Executed on **September 29, 2021,** Los Angeles, California.

                    ___*/s/M. Christina Munoz*___
                    **M. CHRISTINA MUNOZ**

DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF DANIEL COHEN'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE)

**SERVICE LIST**

| | |
|---|---|
| Jonathan Corbett, Esq.<br>958 N. Western Ave. #765<br>Hollywood, CA 90029<br>Phone: (310) 684-3870<br>FAX: (310) 675-7080<br>E-mail: jon@corbettrights.com<br>As of 6/11/21 | Attorney for Plaintiff<br>Daniel Cohen |
| Robert S. Brown, Esq.<br>ROBERT STANFORD BROWN, APC<br>714 W. Olympic Blvd., Suite 450<br>Los Angeles, CA  90015<br>Tel:    (213) 745-6300<br>FAX:  (213) 261-3906<br>stanfordbrown@gmail.com | |

DEFENDANT COUNTY OF LOS ANGELES' RESPONSES TO PLAINTIFF DANIEL COHEN'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE)